LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
SH MARINE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SH MARINE LTD.,

                      Plaintiff,

- against -

KUNDAN GROUP
and KUNDAN RICE MILLS LTD.,

                      Defendants.
------------------------------------------------------------X



JUDGE LEISURE

ECF CASE

07 Civ.

**07 CIV 8657**

## VERIFIED COMPLAINT

Plaintiff SH MARINE LTD. ("SH MARINE"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendants, KUNDAN GROUP ("KUNDAN") and KUNDAN RICE MILLS LTD. ("KUNDAN RICE"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2. At all material times, plaintiff SH MARINE was and still is a corporation

organized and existing under the laws of a foreign country, with an office and place of business at Room 621, Chang-Gang B/D 22, Dohwa-Dong, Mapu-Ku, Seoul 121-763, Korea, and was a disponent owner of the M/T KVARVEN ("the Vessel").

3. Upon information and belief, at all material times, defendant KUNDAN was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi 110 085, India, and was a charterer of the Vessel.

4. Upon information and belief, at all material times, defendant KUNDAN RICE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi 110 085, India.

5. Upon information and belief, defendant KUNDAN RICE was and still is the chemical division of defendant KUNDA and imports and stores various chemicals and solvents. In addition, upon information and belief, defendant KUNDAN RICE from time to time charters vessels to transport various chemicals and solvents.

6. Upon information and belief, defendants KUNDAN and KUNDAN RICE share the same office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi - 110 085.

7. Upon information and belief, defendants KUNDAN and KUNDAN RICE have the same managing director, Pradeep Garg.

8. Upon information and belief, defendant KUNDAN RICE has made freight payment(s) to plaintiff SH MARINE on its own behalf and/or on behalf of defendant KUNDAN under the Charter Party identified in ¶ 10 below.

9. Upon information and belief, defendant KUNDAN RICE has been involved in communications with plaintiff SH MARINE on its own behalf and/or on behalf of defendant KUNDAN regarding the operation of the Vessel under the Charter Party identified in ¶ 10 below.

10. By an amended ASBATANKVOY form charter evidenced by a fixture recap dated May 14, 2007 (the "Charter Party"), defendant KUNDAN on its own behalf and/or on behalf of defendant KUNDAN RICE sub-chartered the Vessel from plaintiff SH MARINE for the carriage of acetic acid (the "Cargo") from Jiangyin, China to Nhava Sheva, India and Kandla, India or Mundra, India.

11. Upon information and belief, defendant KUNDAN is an alter ego of defendant KUNDAN RICE in that KUNDAN was and is so controlled and manipulated that it was and is a mere instrumentality of defendant KUNDAN RICE. Alternatively, defendant KUNDAN RICE was an agent of defendant KUNDAN in that KUNDAN RICE has made payment(s) on obligation(s) on behalf of KUNDAN.

12. Under the Charter Party, defendant KUNDAN was and/or defendants were obligated to remit payment to plaintiff for all demurrage claims made within sixty days of receipt of an invoice with supporting documents.

13. Defendant KUNDAN has and/or defendants have wrongfully, and in breach of the Charter Party, refused to remit payment of the demurrage due and owing to plaintiff.

14. There accrued in plaintiff's favor a sum of $171,278.20 for demurrage which remains due and owing and has not been paid despite due demand.

15. Pursuant to the Charter Party, disputes between plaintiff SH MARINE and

defendant KUNDAN is subject to English law and London arbitration.

16. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

17. Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amounts awarded at a rate of approximately 7.5 %. Plaintiff has therefore calculated interest on the sum set forth in paragraph ¶ 20 (a) of the Verified Complaint herein based on that interest rate.

18. Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendant KUNDAN. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

19. Both defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, KUNDAN and KUNDAN RICE have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendants KUNDAN and KUNDAN RICE.

20. Plaintiff SH MARINE hereby demands:

    (a) Payment of $171,278.20 as security for the demurrage due and owing to plaintiff under the Charter Party;

    (b) Payment of $38,537.60 as security to cover interest on the amount in paragraph (a) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein when the amount in

- 4 -

       paragraph (a) above increases over time as is expected; and

(c) Payment of $60,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand when the legal costs increase over time as is expected.

                              Total                $269,815.80

WHEREFORE, plaintiff SH MARINE prays that:

a.       process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants, citing them to appear and answer under oath all and singular the matters alleged;

b.       since defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of defendants' goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff SH MARINE, in the amount of $269,815.80 to secure plaintiff SH MARINE's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.       this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.       judgment be entered by this Court in favor of plaintiff and against

defendants enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

  e.  plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: October 5, 2007

            LYONS & FLOOD, LLP
            Attorneys for plaintiff
            SH MARINE LTD.

     By:  _[signature]_
            Kirk M. Lyons (KL-1568)
            65 West 36th Street, 7th Floor
            New York, New York 10018
            (212) 594-2400

U:\kmhldocs\2652002\Pleadings\Verified Complaint (kml rev).doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff SH MARINE LTD. in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff SH MARINE LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   October 5, 2007

_____
Kirk M. Lyons

U:\kmlhldocs\2652002\Pleadings\Verified Complaint (kml rev).doc